FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 NOV 28 AM 11: 15

[signature] R. Auk
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RANDY KEITH HALE,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO.: CV506-071 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("ALJ Gold" or "the ALJ") denying his claim for supplemental security income and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding him disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for supplemental security income on May 26, 2003 alleging disability beginning November 15, 2002, and an application for disability insurance benefits on January 27, 2004 alleging disability beginning May 23, 2003. (Tr. at 19). On March 2, 2005, the ALJ held a hearing at which Plaintiff and a vocational expert testified. ALJ Gold found that Plaintiff was not disabled within the meaning of the

AO 72A
(Rev. 8/82)

Social Security Act during the period in question. (Tr. at 20). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of ALJ Gold became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff was forty-one (41) years old when ALJ Gold issued his decision. He has an eighth grade education. (Tr. at 23). His past work experience includes employment as a yard man, mobile home recycler, commercial fisherman, construction worker, and concrete finisher. (Id.).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, during the relevant time period, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 24). At step two, the ALJ found that Plaintiff has right knee problems and borderline to low average IQ, impairments considered "severe" within the Act. (Id.). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform medium work. (Tr. at 24-25). ALJ Gold concluded that Plaintiff is capable of returning to past relevant work as a recycling cardboard cutter. (Tr. at 26). Accordingly, ALJ Gold determined that Plaintiff is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d

1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that subsequent to the March 2, 2005 hearing on this matter, the ALJ ordered that Plaintiff undergo a neuropsychological evaluation by Dr. Joe Garmon. After receiving Dr. Garmon's report, Plaintiff complained that certain physical capabilities relating to head injuries had not been addressed, nor had the doctor addressed the functional limitations of his memory impairment. Plaintiff contends that he requested a supplemental hearing, but that ALJ Gold failed to rule on that request or order an additional hearing before issuing his decision. Plaintiff asserts that this failure

is clear error in violation of the Hearings, Appeals and Litigation Law Manual ("HALLEX").

Conversely, Defendant contends that Plaintiff misinterprets the requirement of HALLEX. Defendant asserts that, contrary to Plaintiff's contention, the neuropsychological evaluation was ordered at Plaintiff's request, and thus the supplemental hearing requirement is inapplicable because the evaluation did not come in response to the ALJ's submitted interrogatories. Defendant submits that the failure to hold a supplemental hearing was harmless error.

The Commissioner's Hearings, Appeals and Litigation Manual ("HALLEX"), provides guiding principles, procedures, and information for ALJs in the processing and adjudication of disability claims. See Moore v. Apfel, 216 F.3d 864, 868 (11th Cir. 2007). HALLEX provides in pertinent part that:

> [w]hen the Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence. . . . If the claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision.

HALLEX § I-2-7-1; § I-2-7-30(H).

Defendant asserts that HALLEX "makes clear" that a supplemental hearing request must be granted only "when the [ALJ] receives responses from a Medical Expert ("ME") to interrogatories submitted by the ALJ." (Doc. No. 24, p. 11). Defendant appears to contend that because ALJ Gold did not request interrogatory responses from

Dr. Garmon,[1] a supplemental hearing was not mandated by the manual. Upon review of the HALLEX provisions in question, the Court simply cannot agree with Defendant's interpretation.

There appears to be some confusion as to which provisions of HALLEX apply to the receipt of the evidence in question. Section I-2-5 applies where the ALJ receives an ME's response to interrogatories; section I-2-7 applies specifically to evidence obtained after the initial hearing. The distinction, however, is of no consequence. There is simply nothing in either section mandating a supplemental hearing on request *only* where the ALJ himself initiated the gathering of the posthearing evidence.[2]

As outlined by HALLEX I-2-7-30(A) and (B), ALJ Gold proffered the posthearing evidence to Plaintiff in a letter dated October 12, 2005. (Tr. at 158). Therein, the ALJ allowed Plaintiff ten (10) days to respond as provided by subsection (B), specifically instructing that "[i]f you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision." (Id.). Following receipt of the report, Plaintiff's counsel submitted objections to the report and requested a supplemental hearing. (Tr. at 160). The ALJ apparently never responded to Plaintiff's request, and instead simply issued his unfavorable decision the following April.

"As a general rule, where the rights of individuals are affected, an agency must follow its own procedure, even where the internal procedures are more rigorous than

---

[1] The hearing transcript indicates that Plaintiff's counsel requested a neuropsychological examination and that ALJ Gold granted that request. (Tr. at 315).

[2] Portions of subsection I-2-7-30(H) address a claimant's request to question an ME who has responded to interrogatories propounded by ALJ. Subsection (H) cross-references I-2-5-44, which *also* requires that the ALJ grant a supplemental hearing request unless he receives additional documentary evidence supporting a fully favorable decision. Dr. Garmon's report was collected posthearing, and it contains the doctor's responses to the Medical Assessment of Ability to Do Work-Related Activities (Mental) form. (Tr. at 279).

otherwise would be required." Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981).[3] Should prejudice befall the claimant because of the failure to follow such procedure, the result "cannot stand." Id. Though Defendant argues that the lack of an additional hearing was harmless, clearly the ALJ's failure to allow for a supplemental hearing to address the posthearing evidence resulted in prejudice to Plaintiff. Dr. Garmon's report supported the ALJ's determination of no disability. Thus the failure to allow Plaintiff the opportunity to challenge the report was detrimental to his case. In his objections to the report, Plaintiff identified two points of contention with Garmon's evaluation: (1) the lack of physical limitations resulting from his head injury; and (2) the lack of functional limitations resulting from his memory impairment. (Tr. at 160). These points were in addition to Plaintiff's request for Garmon's curriculum vitae in order to "further address the problems" with the report. (Id.). Not only did ALJ Gold fail to respond to Plaintiff's request for supplemental hearing as called for by the manual and as promised by his own proffer, he also entirely failed to discuss Plaintiff's objections in his decision as is explicitly provided for by HALLEX. See HALLEX § I-2-7-30(H) ("The ALJ must address proffer comments in the rationale of the written decision. The ALJ must make a formal ruling in the decision or by separate order on any objections to proffered evidence, and make the ruling a part of the record.").

Accordingly, this Court finds that the ALJ erred in failing to order a supplemental hearing upon Plaintiff's request. Consequently, it is my **RECOMMENDATION** that this

---

[3] See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

Court **REVERSE** and **REMAND** this case to the ALJ, pursuant to Sentence four of 42 U.S.C. § 405(g), for further consideration consistent with this report.[4]

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] Though Plaintiff also asserts error in the ALJ's treatment of his treating physician's opinions, the finding of reversible error in the ALJ's failure to comply with the manual render it unnecessary to address the additional issues raised by the parties at this time.